UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------)
HAILE WILSON                                                      )
                      *Plaintiff,*                      )
                                                           )   3:17cr813 (XXX)
v.                                                                )
                                                                  )
                                                                  )
POLICE OFFICER JAMES BOULAY                                       )
POLICE OFFICER LUIS POMALES                                       )
CAPTAIN DOUGLAS STOLZE,                                           )
LIEUTENEANT JOHN CUMMINGS,                                        )
SERGEANT IVAN DELGADO,                                            )
SERGEANT SEAN LYNCH,                                              )
SERGEANT MARK BELINKE                                             )
POLICE OFFICER ORLANDO ROSADO                                     )
POLICE OFFICER IVAN GARCIA                                        )
POLICE OFFICER NICOLE DONAWA                                      )
POLICE OFFICER JOSE BAHR                                          )
                                                                  )
                                                                  )
                              *Defendants.*                   )   May 17, 2017
------------------------------------------------------------------)

**COMPLAINT AND JURY DEMAND**

      Plaintiff, HAILE WILSON, by his attorney, Robert Berke, the Law Office of Robert Berke, LLC, as and for his Complaint against the Defendants respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1988 for violations of the rights secured to Plaintiff by the Constitution and laws of the United States of America, and the Constitution of the State of Connecticut, common law and statutes under the penal jurisdiction powers of this court for relief under comparable provisions of state law.

1

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. § § 1331, 1343(3), 1367(a), and 42 U.S.C. §§1983 and 1988.

3. Venue is proper in this district because it is where Plaintiff resides and it is where the incidents complained of occurred.

4. At all times mentioned herein, Defendants were acting under color of law, that is, under the color of the Constitution, statutes, laws, regulations, ordinances, rules, customs and usages of the State of Connecticut and of the City of Bridgeport.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Haile Wilson is a citizen of the United States, and at all relevant times a resident of the City of Bridgeport, Connecticut.

7. That at all times relevant to this Complaint, Defendants were duly sworn officers of said department and were acting under the supervision of said department and according to their official duties and under color of law.

8. That all times hereinafter relevant to the Complaint, the Defendants, either personally or through their employees, were acting under the color of state law and/or compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of Connecticut or City of Bridgeport.

9. Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting within the scope of their employment with the City of Bridgeport.

10. Each and all of the acts of the individual Defendants alleged herein were done by said Defendants while acting in furtherance of their employment with the Defendant City of Bridgeport.

11. At all times mentioned in this Complaint, the individual Defendants acted jointly and in concert with each other.

12. Each individual Defendant had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other individual Defendants but each individual Defendant failed, refused, and neglected to perform such duty, to Plaintiff's detriment, thereby proximately causing the Plaintiff's injuries.

13. Accordingly, the individual Defendants are sued in their individual and in their official capacities.

## FACTS APPLICABLE TO ALL COUNTS

14. On November 1, 2016, at approximately 5:45 p.m., Plaintiff Haile Wilson was operating a motor vehicle on the streets of the City of Bridgeport in the vicinity of Knowlton and Artic Streets.

15. The defendants were conducting a surveillance based upon information they allege they received from informants.

16. The defendants allege that they observed the plaintiff operating a vehicle with a single passenger, in an area that is "notorious for narcotics trafficking."

17. The defendants claim that they witnessed the plaintiff exit his vehicle and met with an "unknown male," and then returned to his vehicle.

3

18. The defendants did not observe a hand to hand transaction between the two men, or any other conduct that was indicative of narcotics sales.

19. The defendants claim that they attempted to conduct a motor vehicle stop.

20. The defendants allege that **Defendant MARK BELINKIE** pulled his marked police vehicle in front of the vehicle operated by the plaintiff and allege that the plaintiff then placed his vehicle in reverse, accelerated, and struck the unmarked vehicle operated by **Defendants DOUGLAS STOLZE and JOHN CUMMINGS.**

21. The defendants further allege that the plaintiff then accelerated his vehicle forward, directly at Defendant **BELINKIE**.

22. Defendant **STOLZE** then unlawfully and unreasonably discharged his firearm several times striking the plaintiff's vehicle.

23. The plaintiff alleges that there were no marked police vehicles on the scene at that time and he was unsure who was firing a weapon at his vehicle.

24. The plaintiff drove away in an attempt to avoid being struck by the unknown firing assailant.

25. After the plaintiff had driven away from the area where his vehicle had been had been struck by several gunshots, the plaintiff and his passenger realized that they were being pursued by the police.

26. The plaintiff then lost control of his vehicle and struck a tree.

27. The plaintiff attempted to run from his vehicle, ran a short distance, stopped and was physically restrained, and was taken into custody.

28. A portion of the above factual statements can be observed in the A&E broadcast, PD live show, Episode 3 at /www.youtube.com/watch?v=5IOQ_Y_5Lag, and on a

video taken by the passenger which can be accessed on Youtube at

https://www.youtube.com/watch?v=YQjAnmysbr4.

29.     While the plaintiff was face down on the ground, and restrained with his arms held behind his back, he was struck in the face several times by **OFFICER JAMES BOULAY and OFFICER LUIS POMALES.**

30.     The plaintiff was then transported to St. Vincent's Hospital for his injuries.

31.     As a result of his beating by defendants **BOULAY and POMALES**, the Plaintiff suffered injuries, pain, contusions, abrasions, and a fractured nose.

32.     Plaintiff suffered pain, discomfort, headaches, weakness, and a lack of mobility as a result of the assault by defendants **BOULAY and POMALES**

33.     Plaintiff was damaged a result of the assault, and the violation of the constitutional provisions of the United States and the State of Connecticut which protect his right to due process, against unreasonable searches and seizures, and excessive force.

**FIRST COUNT**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**
**(Against All Defendants)**

34.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33 hereinabove with the same force and effect as if fully set forth herein.

35.     All the aforementioned acts of Defendants, their agents, servants and employees were carried out under the color of state law.

36.     All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and

5

Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of Bridgeport and the City of Bridgeport Police Department, under all the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40. The acts complained of deprived Plaintiff of his constitutional rights: (a) not to have excessive force imposed upon him; and (b) not to be subject to an unlawful search and seizure.

### SECOND COUNT
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
### (Against Defendants Boulay, Stolze and Pomales)

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33 hereinabove with the same force and effect as if fully set forth herein.

42. The level of force employed by **Defendants BOULAY, STOLZE and POMALES** were objectively unreasonable and in violation of the Plaintiff's constitutional rights.

43. As a result of the foregoing, Plaintiff sustained bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## THIRD COUNT
## ASSAULT
### (Against Defendants Boulay, Pomale, and Stolze)

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33 hereinabove with the same force and effect as if fully set forth herein.

45. As alleged hereinabove, **Defendants BOULAY, STOLZE and POMALES** intended to cause the plaintiff immediate apprehension of harmful bodily contact and had the apparent ability to complete the act.

46. As a result of the assault, Plaintiff sustained injuries and financial damages.

## FOURTH COUNT
## BATTERY
### (Against Defendants Stolze, Pomales and Boulay )

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33 hereinabove with the same force and effect as if fully set forth herein.

48. As alleged hereinabove,**Defendants BOULAY, STOLZE and POMALES** intentionally, willfully and maliciously beat the Plaintiff, causing Plaintiff to suffer injuries.

49. As a result of the battery, Plaintiff sustained injuries and financial damages.

## FIFTH COUNT
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against the Individual Defendants)

**50.** Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33 hereinabove with the same force and effect as if fully set forth herein.

**51.** The Defendants' aforesaid conduct created an unreasonable risk of causing the Plaintiff emotional distress.

52. The Plaintiff's distress was foreseeable.

53. The emotional distress was severe enough that it might result in illness or bodily harm.

54. The Defendants' conduct was the direct and proximate cause of the Plaintiff's distress.

55. By virtue of the foregoing conduct, the Defendants inflicted upon the Plaintiff severe emotional distress.

56. As a result of the foregoing conduct, the Plaintiff suffers and will continue to suffer from trauma, anxiety, and fear.

57. As a result of the Defendants' conduct, Plaintiff has sustained damages.

## SIXTH COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against the Individual Defendants)

**58.** Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33 hereinabove with the same force and effect as if fully set forth herein.

59. As alleged hereinabove, the Defendants intended to inflict emotional distress upon the Plaintiff and/or they knew or should have known that emotional distress was the likely result of their conduct.

60. The Defendants' conduct, was extreme, outrageous and beyond the bounds of decency.

61. The individual Defendants' conduct was the cause of the Plaintiff's distress.

62. The emotional distress sustained by the Plaintiff was severe.

63. By virtue of the foregoing conduct, the Plaintiff suffers and will continue to suffer from trauma, anxiety, and fear.

64. As a result of the individual Defendants' conduct, the Plaintiff claims damages.

65. By virtue of the foregoing, the Defendants deprived the Plaintiff of his right to be free of the intentional infliction of severe emotional distress by means of outrageous conduct.

66. Defendants conduct was the cause of the Plaintiff's distress.

67. The emotional distress sustained by the Plaintiff was severe.

68. By virtue of the foregoing conduct, the Plaintiff suffered trauma, anxiety, and fear.

69. As a result of the Defendants' conduct, Plaintiff sustained damages.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendants and each of them as follows:

A. Compensatory damages;

B. Punitive damages;

C. Treble damages;

D. Attorneys' fees and costs; and

E. Such other and further relief as this Court shall deem appropriate.

THE PLAINTIFF,

/s/ Robert Berke

BY:_____
Robert Berke, Esq.
Fed Bar No. CT 22117
Attorney for Plaintiff
The Law Offices of Robert Berke
640 Clinton Avenue
Bridgeport, CT 06605
(203) 332-6000
E-Mail: robertberke@optonline.net