UNITED STATES DISTRICT COURT
                        DISTRICT OF CONNECTICUT

HAILE WILSON                          :
        Plaintiff,                    :       CIVIL ACTION NO.
                                      :       3:17-CV-00813 (JCH)
        v.                            :
                                      :
POLICE OFFICER JAMES BOULAY,          :       JULY 25, 2018
et al.                                :
        Defendants.                   :

                    **RULING RE: MOTION TO DISMISS (DOC. NO. 21)**

**I.   INTRODUCTION**

Plaintiff Haile Wilson ("Wilson") brings this action against Police Officers James Boulay and Luis Pomales, Captain Douglas Stolze, Lieutenant John Cummings, Sergeants Ivan Delgado, Sean Lynch, and Mark Belinkie, and Police Officers Orlando Rosado, Ivan Garcia, Nicole Donawa, and Jose Bahr in their individual and official capacities on the basis of claims arising out of an attempted motor vehicle stop and subsequent car chase and arrest. In his six-count Complaint (Doc. No. 1), Wilson alleges violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments under section 1983 of title 42 of the United States Code (Count One); excessive force (Count Two); assault (Count Three); battery (Count Four); negligent infliction of emotional distress ("NIED") (Count Five); and intentional infliction of emotional distress ("IIED") (Count Six).

The defendants move to dismiss: (1) all claims brought under the Fifth, Eighth, and Fourteenth Amendments; (2) all causes of action directed against the defendants in their official capacity; (3) the excessive force claims brought against Lieutenant Cummings, Sergeants Delgado, Lynch, and Belinkie, and Officers Rosado, Garcia, Donawa, and Bahr in Count One; (4) the excessive force claims brought against

                                      1

Captain Stolze in Counts One and Two; (5) the NIED claim in Count Five against all defendants; (6) IIED claim in Count Six as to the defendants not involved in the conduct alleged in the Complaint; and (7) all claims for punitive damages brought against the defendants in their official capacity. For the reasons that follow, defendants' Motion to Dismiss is **granted in part and denied in part**.

## II. FACTUAL BACKGROUND[1]

On November 1, 2016, at approximately 5:45 p.m., Wilson was driving near Knowlton and Artic Streets in Bridgeport, Connecticut. Compl. at ¶ 14. Wilson exited the car and met with another man, but the police, who were conducting surveillance, did not observe a hand-to-hand transaction between the two men, or any other conduct indicative of a narcotics sale. Id. at ¶¶ 15, 18. At some point after Wilson returned to his vehicle, Captain Stolze discharged his firearm several times, striking Wilson's vehicle. Id. at ¶ 22.[2] There were no marked police vehicles on the scene and Wilson was unsure at the time who was firing a weapon at his vehicle. Id. at ¶ 23.

After driving away to escape being struck by a bullet from the unknown shooter, Wilson and his passenger realized that they were being pursued by the police. Id. at ¶¶ 24–25. Wilson subsequently lost control of the vehicle and hit a tree. Id. at ¶ 26. He ran a short distance from the vehicle before he was stopped, physically restrained, and taken into custody. Id. at ¶ 27. While Wilson was face down on the ground with his

---

[1] All "facts" are taken from the Complaint unless otherwise stated.

[2] Paragraphs 16, 17, 19, 20, and 21 of the Complaint, which describe what transpired between the time Wilson drove in the area of Knowlton and Artic Streets and Captain Stolze fired his weapon at Wilson's vehicle, are each prefaced by the phrases "defendants allege" or "defendants claim." Compl. at ¶¶ 16–17, 19–21. In his response to the defendants' Motion to Dismiss, Wilson explains that these paragraphs describe what the defendants claim occurred, and are not facts that he himself alleges. See Pl.'s Reply to the Defs.' Mot. to Dismiss at 3 ("Pl's Opp'n").

2

arms held behind his back, Officers Boulay and Pomales struck him in the face several times. Id. at ¶ 29. Wilson was then transported to St. Vincent's Hospital for his injuries. Id. at ¶ 30. Wilson suffered pain, discomfort, headaches, weakness, and a lack of mobility as a result of the force used by Officers Boulay and Pomales. Id. at ¶ 32.[3]

## III. LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether a plaintiff has stated a legally cognizable claim by making allegations that, if true, would show that the plaintiff is entitled to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) (interpreting Rule 12(b)(6), in accordance with Rule 8(a)(2), to require allegations with "enough heft to 'sho[w] that the pleader is entitled to relief" (alteration in original)). The court takes all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. See Crawford v. Cuomo, 796 F.3d 252, 256 (2d Cir. 2015). However, the principle that a court must accept a complaint's allegations as true is inapplicable to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

[3] Wilson includes links to two videos in his Complaint. See Compl. at ¶ 28. The first video, which was shot by the passenger in Wilson's vehicle, shows Wilson driving away from the police vehicles and crashing into a tree. The second link is to a clip from the A&E show "Live PD: Police Patrol," which includes the footage taken by Wilson's passenger, along with video taken by police officers involved in the pursuit of Wilson depicting their approach to the area where Wilson exited his vehicle and Wilson being taken into custody. Because the videos are incorporated into the Complaint, the court can consider them in deciding the instant Motion. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (citation omitted); Hershey v. Goldstein, 938 F. Supp. 2d 491, 498 n.1 (S.D.N.Y. 2013) (considering video footage incorporated into the complaint by reference in deciding a motion to dismiss).

3

its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

**IV. DISCUSSION**

    A.    <u>Wilson's Claims under the Fifth, Eighth, and Fourteenth Amendment Claims (Count 1); Claims against Officers in Their Official Capacities (Counts 1–6); and Claims against Officers Who Were Uninvolved in the Alleged Shooting and Beating (Counts 1, 5, and 6)</u>

Wilson does not object to the Motion to Dismiss his claims under the Fifth, Eighth, and Fourteenth Amendments, see Pl.'s Reply to the Defs.' Mot. to Dismiss ("Pl.'s Opp'n") (Doc. No. 22) at 2, the Motion to Dismiss his claims against all defendants in their official capacities, see id., and the Motion to Dismiss all claims against Lieutenant Cummings, Sergeant Delgado, Sergeant Lynch, Sergeant Belinkie, Officer Rosado, Officer Garcia, Officer Donawa, and Officer Bahr, see id. at 2, 4–6.[4] Therefore, the court grants defendants' Motion to Dismiss as to those claims and those defendants.

    B.    <u>Excessive Force Claim against Captain Stolze</u>

Defendants argue that Captain Stolze's decision to fire at Wilson's vehicle in order to prevent him from slamming into Sergeant Belinkie's vehicle was objectively

---

[4] In a section in Wilson's response titled "Claim Five," Wilson states that he does not object to defendants' Motion to Dismiss his NIED claim against all defendants. See Pl.'s Reply at 4. However, in his section called "Claim 6," Wilson states that he objects to defendants' Motion to Dismiss his NIED claims against Officer Boulay, Officer Pomales, and Captain Stolze. See id. at 4–6. Thus, the court assumes that Wilson opposes defendants' Motion to Dismiss his NIED claims against Officer Boulay, Officer Pomales, and Captain Stolze.

4

reasonable.  See Mem. in Supp. of Defs.' Rule 12(b)(6) Mot. to Dismiss ("Defs.' Mem.") (Doc. No. 21-1) at 15–16.[5]  Wilson argues that his flight from an unknown assailant firing at him without cause or justification, or identifying himself as a police officer, is sufficient to state a claim for relief.  See Pl.'s Opp'n at 3–4.

"Under the Fourth Amendment, which governs the use of force in connection with an arrest, law enforcement officers may use only such force as is objectively reasonable under the circumstances."  O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 36 (2d Cir. 2003).  "It is not objectively reasonable for an officer to use deadly force to apprehend a suspect unless the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others."  Id.

---

[5] As discussed above, see supra note 2, under a section titled "Facts Applicable to All Counts," in addition to his own allegations, Wilson includes the following allegations attributed to the defendants:

> 19. The defendants claim that they attempted to conduct a motor vehicle stop.
>
> 20. The defendants allege that Defendant Mark Belinkie pulled his marked police vehicle in front of the vehicle operated by the plaintiff and allege that the plaintiff then placed his vehicle in reverse, accelerated, and struck the unmarked vehicle operated by Defendants Douglas Stolze and John Cummings.
>
> 21. The defendants further allege that the plaintiff then accelerated his vehicle forward, directly at Defendant Belinkie.

Presumably because they believed Wilson intended to allege all of the information contained in the facts section of the Complaint, the defendants brief in support of their Motion to Dismiss relies on certain paragraphs of the Complaint that the court does not take as true in deciding the Motion because, according to Wilson, they are the defendants' allegations, not his own.  In his opposition, Wilson explained that he was not alleging the facts defendants relied on in their brief, but defendants did not file a reply.

While the court will allow the case to progress on the basis of the facts alleged in the Complaint, the court notes its concern with the lack of clarity in Wilson's counseled pleading.  It is confusing for a complaint, particularly a counseled complaint, to include allegations made by defendants under a section titled "Facts Applicable to All Counts" (emphasis added).  See Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").  The problem with Wilson's pleading is evidenced by the fact that defendants made arguments based on paragraphs in the Complaint that Wilson did not intend to state as facts.

"[T]he reasonableness of the officer's decision to use force in effectuating a seizure 'depends only upon the officer's knowledge of circumstances immediately prior to and at the moment that he made the split-second decision to employ deadly force.'" Nimely v. City of New York, 414 F.3d 381, 390–91 (2d Cir. 2005) (quoting Cowan ex rel. Estate of Cooper v. Breen, 352 F.3d 756, 762 (2d Cir. 2002)).

Wilson has plausibly alleged an excessive force claim against Captain Stolze by asserting that Captain Stolze fired his weapon at Wilson as he fled. While the factual allegations regarding the circumstances of Captain Stolze's decision to fire his weapon are extremely thin, see Nimely, 414 F.3d at 390 (excessive force claim requires showing that defendant's actions were "objectively unreasonable in light of the facts and circumstances confronting him") (citation omitted), "courts are rarely able to assess the reasonableness of the force used at the motion to dismiss stage." Hester-Bey v. Ford, No. 13-CV-4656 (CBA) (LB), 2015 WL 4910576, at *3 (E.D.N.Y. Aug. 13, 2015). When courts grant motions to dismiss an excessive force claim, it is because the force used was objectively reasonable as a matter of law, see Pelt v. City of New York, No. 11-CV-5633 (KAM) (CLP), 2013 WL 4647500, at *13 (E.D.N.Y. Aug. 28, 2013) (granting motion to dismiss an excessive force claim where plaintiff alleged only that officers made verbal threats, which is insufficient to support a cognizable excessive force claim), or the complaint was entirely devoid of factual allegations, see Stretching v. Schlosser, No. 12 Civ. 8129 (PAE) (JLC), 2014 WL 1797687, at *6 (S.D.N.Y. May 6, 2014) (dismissing excessive force claim where plaintiff did not allege "when, where, or under what circumstances the incident (or incidents) arose); Lyman v. City of Albany, 536 F. Supp. 2d 242, 249 (N.D.N.Y. Mar. 3, 2008) (dismissing excessive force claim where sole basis

6

for claim was allegation that, when plaintiff was arrested, "excessive force was used"). Because Wilson's allegation that Captain Stolze fired a gun at his vehicle is sufficient to state a claim for excessive force, defendants' Motion to Dismiss Wilson's excessive force claim against Captain Stolze is denied.

  C. <u>IIED Claim against Captain Stolze</u>

Defendants argue that Wilson has failed to plausibly allege that Captain Stolze is liable to Wilson for discharging his weapon given that Wilson accelerated directly at Segeant Belinkie's vehicle. <u>See</u> Defs.'s Mem. at 19 n.27. Wilson argues that he has stated an IIED claim against Captain Stolze for unlawfully and unreasonably discharging his firearm several times, striking Wilson's vehicle. <u>See</u> Pl.'s Reply at 4–5.

In order to make out an IIED claim, a plaintiff must show: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." <u>Appleton v. Bd. of Educ. of Town of Stonington</u>, 254 Conn. 205, 210 (2000) (citation omitted). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." <u>Id.</u> "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Id.</u> at 210–11 (quoting Restatement (Second) of Torts § 46 cmt. 2 (1965)). "Courts have held that the use of excessive force can establish a claim for intentional infliction of emotional

distress." Frappier v. City of Waterbury, 3:07-CV-1457 (WWE), 2008 WL 4980362, *3 (D. Conn. Nov. 20, 2008).

Wilson has stated a claim of intentional infliction of emotional distress. Taking Wilson's allegations as true, Captain Stolze fired his weapon at Wilson's vehicle several times. As noted with respect to Wilson's excessive force claim, the factual basis for Wilson's IIED claim is slight. Without the paragraphs containing "defendants' allegations," there is no description of the circumstances at the time Captain Stolze discharged his firearm. However, the court concludes that Wilson has plausibly alleged a claim for IIED based on the allegation he was shot at. See Zadrowski v. Town of Plainville, No. 3:09-cv-1367 (DJS), 2013 WL 5435491, at *13 (D. Conn. Sept. 30, 2013) (denying summary judgment on claim for intentional infliction of emotional distress because plaintiff had raised a disputed issue of fact on an associated excessive force claim).

### D. NIED Claim against Officer Boulay, Officer Pomales, and Captain Stolze

Defendants argue that Wilson cannot allege IIED and NIED claims in the alternative. See Defs.' Mem. at 16–18. Defendants also argue that Wilson has only pled facts in support of intentional conduct, not negligent acts. See id. at 18. In addition, defendants argue that Wilson has not plausibly pled facts supporting any claims against Captain Stolze. See id. at 19 n.27. In his opposition, Wilson restates the allegations in his Complaint, but does not make legal arguments in response to defendants' Motion. See Pl.'s Opp'n at 4–6.

To state an NIED claim, a plaintiff must allege that "(1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might

result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress." Carroll v. Allstate Ins. Co., 262 Conn. 433, 444 (2003). "The courts have determined that use of excessive force . . . also can state claim for negligent infliction of emotional distress." Ochoa v. City of West Haven, No. 3:08-cv-00024 (DJS), 2011 WL 3267705, at *11 (D. Conn. July 29, 2011) (citation omitted).

Wilson has plausibly alleged a claim for NIED against Officers Boulay and Pomales for striking him several times after they caught him. The majority of courts in this District have recognized that plaintiffs may simultaneously plead negligence-based and intent-based claims arising from the same conduct. See Ancona v. Samsel, No. 3:16-cv-172 (MPS), 2017 WL 4765641, at *7 (D. Conn. Oct. 20, 2017); Marsh v. Town of East Hartford, No. 3:16-cv-928 (SRU), 2017 WL 3038305, at *7–9 (D. Conn. July 18, 2017); Conroy v. Caron, 275 F. Supp. 3d 328, 355 (D. Conn. 2017); Ross v. City of Hartford, No. 3:12-cv-00141 (AWT), 2013 WL 789192, at *3 (D. Conn. Mar. 4, 2013); Terebesi v. Solomon, No. 3:09-cv-1436 (JBA), 2010 WL 3926108, at *10 (D. Conn. Sept. 30, 2012). As Judge Meyer explained in Bussolari v. City of Hartford, the cases in this District that disallow alternative pleading do not elaborate on their reasoning beyond citing prior rulings that rely on cases interpreting New York law. See Bussolari v. City of Hartford, No. 3:14-cv-00149 (JAM), 2016 WL 4272419, at *3 (D. Conn. Aug. 12, 2016). While those cases interpret New York law to preclude claims of negligence against police officers when making an arrest, Connecticut law allows for negligence claims against police officers alleged to have used excessive force. See id. at *3 (collecting cases). In addition, under Connecticut law, "a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in

a single complaint." Terebesi, 2010 WL 3926108, at *10; see also Ancona, 2017 WL 4765641, at *8 ("The Federal Rules expressly permit alternative and inconsistent pleading, Fed. R. Civ. P. 8, and the rule against double recovery adequately protects the defendants from having to pay damages for alternative claims based on the same injury."). Because Wilson has plausibly alleged a claim for NIED against Officers Boulay and Pomales and is allowed to plead claims for IIED and NIED in the alternative, the Motion to Dismiss the NIED claims against Officers Boulay and Pomales is denied.

Finally, with respect to the NIED claim against Captain Stolze, the court concludes that Wilson's allegation that Captain Stolze fired his weapon at Wilson's vehicle is sufficient to state a claim for NIED.

## V. CONCLUSION

For the foregoing reasons, the defendants' Motion to Dismiss (Doc. No. 21) is **granted in part and denied in part**. The Motion is granted with respect to Wilson's claims under the Fifth, Eighth, and Fourteenth Amendments in Count One; all claims against Lieutenant Cummings, Sergeants Delgado, Lynch, and Belinkie, and Officers Orlando Rosado, Ivan Garcia, Nicole Donawa, and Jose Bahr in their individual and official capacities; and all claims against the remaining defendants in their official capacities. The Motion is denied with respect to the excessive force and intentional infliction of emotional distress claims against Captain Stolze and the negligent infliction of emotional distress claims against Captain Stolze, Officer Boulay, and Officer Pomales.

**SO ORDERED.**

Dated at New Haven, Connecticut this 25th day of July, 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge